IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARLON DONNELL HOWARD,<br><br>Defendant. | CR 17-144-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 66.)

On March 13, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 4. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to eight (8) months incarceration, followed by 24 months of supervised release.

/ / /

/ / /

/ / /

I.      **BACKGROUND**

In April 2018, Defendant pled guilty to the offense of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1).  (Doc. 32.)  On July 19, 2018, the Court sentenced him to 60 months probation.  (Doc. 39.)

On November 10, 2020, Defendant's supervised release was revoked for absconding supervision.  (Doc. 53.)  He was sentenced to a custodial sentence of four (4) months, followed by 36 months supervised release.  (*Id.*)  Defendant began his current term of supervised release on September 2, 2021.

On October 6, 2022, the United States Probation Office filed the petition now at issue.  (Doc. 57.)  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 58.)  The warrant was executed in the Western District of Washington on October 3, 2023.  (Doc. 59.)  Following a Rule 5 appearance and detention hearing in Washington, the Court ordered that Defendant be detained and transported to the District of Montana.  (*Id.* at 2–4, 7.)  Defendant was not transferred to this Court, however, until he made an initial appearance on February 29, 2024.  (Doc. 68.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  (*Id.*)  The Court set the final revocation hearing for March 13, 2024.  (*Id.*)

/ / /

/ / /

On March 4, 2024, the United States Probation Office filed an Amended Petition. (Doc. 72.) The Amended Petition alleges that Defendant violated five (5) conditions of supervised release, and provides a brief explanation of each violation.

## II. FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Russell A. Hart. Thomas Godfrey represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

After consenting to proceed, Defendant admitted all of the violations as alleged in the petition except Violation No. 4. Following his admission to the remaining violations, Counsel for the United States moved to dismiss Violation No. 4.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release,

///

less any custody time imposed.  Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of nine (9) months incarceration with supervised release to follow.  Defendant's counsel requested a sentence of time served.

## III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to eight (8) months incarceration, followed by 24 months supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, these violations are serious and warrant revocation of Defendant's supervised release.  Defendant has repeatedly violated his supervision by using alcohol and controlled substances. Most concerning, however, is that he committed a new crime of domestic violence while on supervision.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history, with a criminal history category of IV at the time of

sentencing for the underlying offense.  He has done poorly on supervision, both in Colorado and in the District of Montana.  He was placed in a halfway house in Colorado in 2020 while under state supervision, and absconded from that placement after four months.  After his supervision was also revoked for absconding in the District of Montana, he began his second term of supervision in September 2021.  He tested positive for controlled substances three months later in December 2021, and other than during a period of 2–3 months while undergoing outpatient treatment, he repeatedly tested positive for alcohol and controlled substances until he was arrested on the domestic violence charge in Washington in September 2022.

    Nevertheless, it should also be noted that Defendant maintained steady employment while on supervision and was a good employee.  Defendant also has support from family in Montana, and he has a place to live and the opportunity for a solid start following his second revocation.

    The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes.  Defendant has been given several opportunities in this case.  He was originally placed on probation, which was not effective in deterring his violations.  He was then given a four-month sentence on his first revocation, which again proved ineffective.  Hopefully, a sentence of eight months incarceration will be effective in bringing

Defendant into compliance with the terms of his supervision and protecting the public from future violations and criminal conduct.

The undersigned has also considered the need for future educational and correctional treatment.  Defendant continues to have difficulty with substance abuse, and a term of supervised release to follow his term of custody is important to facilitate his transition back into the community, and to provide him with necessary mental health and substance abuse treatment.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the relevant factors enumerated in 18 U.S.C. § 3553(a), the undersigned finds that a sentence of eight (8) months incarceration, followed by 24 months of supervised release, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## IV.   CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.      Defendant violated the special condition that he must abstain from the consumption of alcohol when he admitted to drinking a beer on June 6, 2022, and admitted to drinking alcohol on or about September 25, 2022.

2.      Defendant violated the special condition that he must participate in and successfully complete a program of substance abuse treatment when he failed to report as instructed for a substance abuse treatment session on March 24, 2022.

3.      Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he admitted to snorting cocaine and smoking crack cocaine on December 3, 2021, January 11, 2022, and January 20, 2022, and admitted to using crack cocaine on or about September 25, 2022.

4.      Defendant violated the mandatory condition that he must not commit another federal, state, or local crime when he was charged on September 26, 2022, with Rape 2 in King County Superior Court in Seattle, Washington, for an incident that occurred on September 26, 2022, and subsequently pled guilty to Assault in the Fourth Degree (Domestic Violence) on September 25, 2023.

Accordingly, **IT IS RECOMMENDED** that:

1.      The Court should revoke Defendant's supervised release, and sentence Defendant to eight (8) months incarceration, followed by a 24-month term of supervised release.

/ / /

2.      The United States' motion to dismiss Violation No. 4 should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 13th day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge