IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARLON DONNELL HOWARD,<br><br>Defendant. | CR 17-144-BLG-DLC-TJC<br><br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 83.)

On April 1, 2025, the Court conducted the final revocation hearing. Defendant admitted Violation No. 2 of the petition. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to a term of time served, with no supervised release to follow

## I.    BACKGROUND

In April 2018, Defendant pled guilty to the offense of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). (Doc. 32.) On July 19, 2018, the Court sentenced him to 60 months of probation. (Doc. 39.)

On November 10, 2020, Defendant's probation was revoked for absconding supervision. He was sentenced to four months of incarceration, followed by 36 months of supervised release. (Doc. 53.) Defendant began his term of supervised release on September 2, 2021.

On April 1, 2024, Defendant's supervised release was revoked for consumption of alcohol, failure to participate in and successfully complete treatment, unlawful use of controlled substances, and the commission of another crime. He was sentenced to eight months of incarceration, followed by 24 months of supervised release. (Doc. 77.) Defendant began his current term of supervised release on May 30, 2024.

On January 15, 2025, the United States Probation Office filed the petition now at issue, alleging that Defendant violated two conditions of supervised release and providing a brief explanation of each violation. (Doc. 79.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 80.) The warrant was executed in the District of Colorado on January 16, 2025. (Doc. 81.) Following a Rule 5 appearance and detention hearing in that district, the Court ordered that Defendant be detained and transported to the District of Montana. (Doc. 82.)

Defendant made an initial appearance before this Court on March 17, 2025. Defendant, represented by counsel, stated that he had read the petition and waived

a preliminary hearing.  The Court set the final revocation hearing for April 1, 2025.

(Doc. 84.)

## II.    FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Russell Hart.

Julia Patten represented the United States.  The undersigned explained the findings

and recommendations procedure to Defendant, including his right to object to the

findings and recommendations, and the right to appear and allocute before Judge

Christensen prior to final imposition of sentence.  After consenting to proceed,

Defendant denied Violation No. 1 and admitted the remaining violation in the

petition, Violation No. 2.  Following his admission to Violation No. 2, counsel for

the United States moved to dismiss Violation No. 1.

The undersigned accepted the admission and proceeded to sentencing.  The

undersigned calculated that Defendant's violation grade is C, his criminal history

category is IV, and the underlying offense is a class C felony.  Under those

circumstances, the statutory maximum sentence is 24 months of incarceration, and

the United States Sentencing Guidelines call for 6–12 months of incarceration.

Defendant could also be sentenced to as much as 36 months of supervised release,

less any custody time imposed.  Counsel for the United States and Defendant's

counsel agreed with those calculations.

/ / /

3

Counsel for the United States requested a sentence of time served with no supervised release to follow.  Defendant's counsel requested the same.

## III.    ANALYSIS

Based on Defendant's admission to the violation of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to term of time served, with no supervised release to follow.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of the violations, the violations are serious and warrant revocation of Defendant's supervised release.  Defendant has repeatedly violated the terms of his supervision.  On this revocation, Defendant left the District of Montana without permission of his probation officer and was arrested and charged in Colorado with felony criminal possession of controlled substances.  Nevertheless, the current disposition only involves the violation of leaving the federal judicial district without permission.  Defendant will be required to address the felony possession charge when he appears in Colorado.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history, with a criminal history category of IV at the time of sentencing for the underlying offense.  He has done poorly on supervision, and he

4

is now on his third term of supervision in this Court. He did, however, have

several months of compliance following his previous revocation, and has

demonstrated the ability to be compliant, productive, and law abiding.

The undersigned has considered the need to afford adequate deterrence to

criminal conduct and to protect the public from further crimes. Defendant has

been given several opportunities in this case. He was originally placed on

probation, which was not effective in deterring his violations. He was then given a

four-month sentence on his first revocation, which again proved ineffective. He

was then sentenced to eight months on his second revocation, which, again, was

ineffective in in bringing him in compliance. Hopefully, this third revocation and

his time served in custody will provide the motivation to get his life on track and

deter further criminal conduct.

The undersigned has also considered the need for future educational and

correctional treatment. This is Defendant's third term of supervised release. The

U.S. Probation Office has exhausted the resources and interventions at its disposal,

and Defendant has demonstrated he is not amenable to supervision. An additional

term of supervision in the District of Montana would not serve any purpose.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after

considering the relevant factors enumerated in 18 U.S.C. § 3553(a), the

undersigned finds that a sentence of time served, with no supervised release to

follow, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## IV.    CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following FINDING:

Defendant violated the standard condition that he must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer when, on January 13, 2025, he was arrested in Colorado, and he had not been given permission to travel there by the court or the probation officer.

Accordingly, IT IS RECOMMENDED that:

1.    The Court should revoke Defendant's supervised release and sentence Defendant to a term of time served, with no supervised release to follow.

2.    The United States' motion to dismiss Violation No. 1 should be granted.

6

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 1st day of April, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

7